[Crim. No. 10093.   Second Dist., Div. Four.   May 11, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. JANET PHILLIPS et al., Defendants and Appellants.

Maxwell S. Keith, under appointment by the Court of Appeal, for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and S. Clark Moore, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J. — Defendants were charged in several counts with grand theft, with violations of section 476a of the Penal Code, and with conspiracy to commit grand theft. After a jury trial, defendant William Phillips was found guilty on all counts, defendant Janet Phillips was found guilty on some of the counts and not guilty as to others. William Phillips was sentenced to state prison; Janet Phillips was granted probation. Both appealed.

In an opinion filed on February 16, 1966, we affirmed the judgment against William Phillips and the order granting probation to Janet Phillips. (*People* v. *Phillips* (1966) 240

Cal.App.2d 197 [49 Cal.Rptr. 480].) Defendants petitioned for a hearing in the Supreme Court of California and that petition was denied by that court on April 13, 1966. Thereafter, defendants petitioned for certiorari from the Supreme Court of the United States. On February 27, 1967, that court filed its per curiam opinion which, with its accompanying opinions, reads as follows:

"PER CURIAM.

"The motion for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted. The judgment is reversed. *Chapman* v. *California*, No. 95 [368 U.S. 18 (17 L.Ed.2d 705, 87 S.Ct. 824)]. October Term, 1966, decided February 20, 1967.

"MR. JUSTICE BLACK and MR. JUSTICE CLARK are of the opinion that the judgment should be vacated and the case remanded for further consideration in light of *Chapman* v. *California*.

"MR. JUSTICE HARLAN would affirm the judgment below for the reasons set forth in his dissenting opinion in *Chapman* v. *California*."

Thereafter, and on April 14, 1967, the mandate of the Supreme Court was filed with this court, remanding the case to us "for further proceedings not inconsistent with the opinions" of the Supreme Court above quoted.

We conclude that, since the majority of the Supreme Court rejected the position of two of its members that our judgment should be "vacated" for the purpose of an examination by us of the record in the light of the *Chapman* decision and, instead, "reversed" our judgment, that the Supreme Court was expressing (although not with the same clarity as it had with reference to the record before it in the *Chapman* case) its own finding that a "reasonable doubt" as to the harmlessness of the federal constitutional error involved had arisen in the minds of a majority of the Supreme Court. Under these circumstances, this court is, of course, bound to entertain the same doubt and to reverse the judgment and order.

However, the only federal issue raised by the petition for certiorari, and the only federal constitutional issue that appears on the appeal record, is that discussed by us on page 204 of our original opinion, under the rubric of roman numeral V, dealing with erroneous comments on the failure of the defendants to testify, contrary to the holding in *Griffin* v. *California* (1965) 380 U.S. 609 [14 L.Ed.2d 106, 85 S.Ct.

1229]. The other issues raised by defendants on their appeal to us were not involved in the certiorari proceedings and are not affected by the order of reversal. As to those other issues, our original opinion remains the law of this case.

The judgment and order are reversed; the case is remanded for further proceedings consistent with this opinion and with the opinion of this court heretofore filed on February 16, 1966, and appearing in volume 240 of the California Appellate Reports, Second Series, at pages 197 to 204, excepting that portion of said opinion appearing on page 204 under rubric "V."

Files, P. J., and Jefferson, J., concurred.