255 So.2d 348

**STATE of Louisiana**

v.

**Percy James ANDERSON et al.**

No. 49643.

Nov. 8, 1971.

Rehearing Denied Dec. 13, 1971.

Tom Stagg, Jr., W. Gene Carlton, Shreveport, R. Clyde Lawton, Jr., Vivian, Tom Wilson, for defendants-appellants.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Albert S. Lutz, Jr., Asst. Dist. Atty., Eugene W. Bryson, Jr., Special Counsel, for plaintiff-appellee.

TATE, Justice.

The principal issue before us concerns the effect of a mandate of the Supreme Court of the United States. That court reversed a prior decision of this court. 403 U.S. 949, 91 S.Ct. 2288, 29 L.Ed.2d 861 (1971). We had affirmed the conviction of the present defendants (Anderson, Robinson, and Washington) for aggravated rape. 254 La. 1107, 229 So.2d 329 (1969).

A principal issue of the prior hearing before us was whether the co-defendants had been denied their constitutional right to confrontation and cross-examination of the witnesses against them. United States Constitution, Amendment Six. This was based on the admission, over objection, of the confessions of each of the co-defendants, although none of them took the stand before the jury. Each of the confessions implicated the co-defendants as well as the confessor.

In making this contention at our prior hearing, the defendants relied on the United States Supreme Court decision in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).[1] In *Bruton*, a non-testifying defendant's confession had been admitted into evidence. It implicated a co-defendant at a joint trial. The high court held that this violated the co-defendant's constitutional right to confrontation of witnesses against him, because the non-testifying confessor was not available for cross-examination by the co-defendant.

By our prior decision, now reversed by the United States Supreme Court, we rejected the defendants' contention that *Bruton* applied so as to require a reversal and new trial. 229 So.2d 336–337.

We did so on the basis that no co-defendant was prejudiced by the admission of the confessions of the other co-defendants to the same substantial effect as his own confession, each confession being admissible (under limiting instructions) against the confessor alone. We there applied a decision of ours to such effect, State v. Hopper, 253 La. 439, 218 So.2d 551 (1969), certiorari denied, 396 U.S. 1012, 90 S.Ct. 545, 24 L.Ed.2d 504 (1970), and we rested our affirmance upon what we characterized as the harmless nature of the error, if any, citing Harrington v. California, 395

---

1. By Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968), *Bru-* *ton* was made fully retroactive and binding on state prosecutions as well as federal.

U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

The defendants applied to the United States Supreme Court for certiorari. Their application raised five questions, two of which concerned whether the *Bruton* rule applied to the present facts. Docket No. 5139, Supreme Court of the United States, 403 U.S. 949, 91 S.Ct. 2288, 29 L.Ed.2d 861.

On June 28, 1971, the nation's Supreme Court ruled on the application. Its judgment pertinently provides, 403 U.S. 949, 91 S.Ct. 2288, 29 L.Ed.2d 861: " * * * Petition for writ of certiorari granted. Judgment reversed, Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), and case remanded to the Supreme Court of Louisiana for further proceedings."

On this remand, the State contends that the high court's mandate merely orders us to reconsider our prior ruling in the light of *Bruton*. This, the State suggests, is exactly what we did in State v. Hopper, 253 La. 439, 218 So.2d 551 (1969), where, after reconsideration, we reinstated the convictions.

In *Hopper*, however, the Supreme Court of the United States had "vacated" our prior judgment of affirmance of convictions and had remanded the case to us " * * * for further consideration in

light of Bruton * * *". 392 U.S. 658, 88 S.Ct. 2281, 20 L.Ed.2d 1347 (1968). This is different from the mandate in the present case; here, the Supreme Court did not merely "vacate" our earlier judgment and order us to reconsider our prior ruling. Here, the high court *"reversed"* our prior judgment, which had affirmed these convictions. 403 U.S. 949, 91 S.Ct. 2288, 29 L.Ed.2d 861 (1971).

The United States Supreme Court itself recognizes a difference between "reversing" a judgment and "vacating" it. It has described its practice of vacating and remanding for reconsideration as being used where the court was "not certain that the case was free from all obstacles to reversal on an intervening precedent". Henry v. City of Rock Hill, 376 U.S. 776 at 776, 84 S.Ct. 1042 at 1043, 12 L.Ed.2d 79 (1965).

On the other hand, it reverses, not merely vacates, when (as here) the federal question clearly prevents the affirmance of the appealed judgment's decision of the federal question presented—that is, where the judgment could not, even on the remand, be reinstated without a new trial, insofar as the question decided by the Supreme Court's mandate. See Northern Natural Gas Co. v. State Corporation Com'n. of Kansas, 372 U.S. 84 at 96–99, 83 S.Ct. 646, 9 L.Ed.2d 601 (1963). See also: N.A.A.C.P. v. Alabama, ex rel. Flowers,

377 U.S. 288, 84 S.Ct. 1302, 12 L.Ed.2d 325 (1964); Board of Supervisors, etc. v. Tureaud, 226 F.2d 714 (5 Cir. 1955).

▮ In summary, the present mandate of the Supreme Court of the United States specifically reverses our previous affirmance of the present convictions. By citing *Bruton* as the reason, the high court has thus directly held that, as a matter of federal constitutional law, we were wrong in not applying *Bruton* to the present trial and, thus, in not reversing the present convictions and remanding for new trial(s).

With regard to *Bruton,* the sole issue before us earlier and before the United States Supreme Court on the application for certiorari was: Does *Bruton* (a) require either the severance of the trials of these jointly charged defendants or (b) else render inadmissible at a joint trial confessions implicating a confessor's co-defendants?

By our prior decision, we held No. The Supreme Court reversed us. The answer Yes is thus mandated for us.

▮ The United States Supreme Court has consistently held that, when it has decided a case before it and remanded it to an inferior court, "whatever was before this [Supreme] court, and disposed of by its decree, is considered as finally settled."

In re Sanford Fork & Tool Co., 160 U.S. 247, 255, 16 S.Ct. 291, 293, 40 L.Ed. 414 (1895). A lower court is bound to carry the mandate of the United States Supreme Court into execution, and it cannot consider the federal questions which the mandate has laid at rest. Sprague v. Ticonic Nat. Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939); Kansas City Southern Ry. Co. v. Guardian Trust Co., 281 U.S. 1, 50 S.Ct. 194, 74 L.Ed. 659 (1930).

We are thus foreclosed from re-examining the grounds of disposition of the case by the nation's high court. See, e. g.: Rogers v. Thompson, Mo., 308 S.W.2d 688 (1958); Seaboard Air Line Railroad Co. v. Strickland, Fla., 88 So.2d 519 (1956); People v. Phillips, 250 Cal.App.2d 885, 58 Cal.Rptr. 752 (1967); Natural Gas & Oil Corp. v. Waggonner, 165 So.2d 314 (La. App.2d Cir. 1964); 36 C.J.S. Federal Courts §§ 201(14)d, 281, pp. 776–777; 54 Am.Jur. "United States Courts", Section 234.

The application of this principle is dramatically illustrated by the State's argument and brief before us on this remand. The State argues that, upon reconsideration, we should hold that, despite *Bruton,* the admission of the several similar confessions was not error—or at least was only harmless error under *Harrington*—, in view of the interpretation of *Bruton* by our

cited *Hopper* opinion and in view of interpretations similar to *Hopper*'s.

This is exactly what we held in our previous opinion. The Supreme Court's reversal of our prior judgment obviously rejected our majority's prior holding to this effect.

The United States Supreme Court's reversal operates as an annulment of the conviction and leaves us no alternative but to remand the case for a new trial.

Accordingly, in compliance with the mandate of the Supreme Court of the United States, this case is remanded for a new trial.

Remanded.

DIXON, J., recused, having performed judicial acts in case in another court.