The judgment being one which the trial judge, under the facts before him, had not the power to render, such judgment cannot be regarded as authority for the imprisonment of the relator.

The judgment in the habeas corpus proceeding refusing to discharge the relator is reversed, and it is ordered that, so far as his restraint is based upon the conviction mentioned, he is entitled to his liberty, and should no longer be restrained. However, it appears from the record that there are other charges against the relator for offenses which are not involved in this proceeding, and his retention by virtue of other process than that pertaining to the conviction out of which this proceeding grows is not to be affected by this opinion. In the order releasing the relator from custody, we are not called upon, and do not express, any opinion touching the relative rights of the state or the appellant in any future proceeding growing out of the offense with which the relator is charged and to which this appeal is addressed.

### CHAMBLESS v. STATE.
### No. 16368.

Court of Criminal Appeals of Texas.
Jan. 10, 1934.

B. R. Reeves, of Palestine, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

**KRUEGER, Judge.**

The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for a term of two years.

The record is before us without a statement of facts or bills of exception. No defect either in the indictment or procedure has been pointed out or has been perceived. No question is presented for review.

The judgment is affirmed.

**PER CURIAM.**

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.