EDMUND McCOY v. THE STATE.

No. 20282. Delivered March 22, 1939.

The opinion states the case.

*Percy Woodard,* of Marshall, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—The appellant was convicted of an assault with intent to rape on Armale Anderson, and awarded a punishment of two years in the penitentiary.

We have read the statement of facts with care, and are impressed with the conclusion that the facts are sufficient to sustain the verdict of the jury.

We find, however, that a serious question presents itself relative to the verdict of the jury. We copy the same: "9/19/38. We the jury find the defendant, Edmond McCoy guilty as charged and assess his punishment at two years in the penitentiary and recommend a suspended sentence. J. B. Zachry, Foreman."

We note from the record that no request for a suspended sentence appears therein, and that the court did not refer to same in his charge to the jury. We also note that, although the verdict of the jury is embodied in the judgment, nevertheless in the appellant's sentence he was sentenced to be confined in the penitentiary for a term of two years, no notice being taken of the jury's recommendation for a suspended sentence. The verdict of the jury is not responsive to the charge of the court, and should not have been received by the court. Under the facts and pleadings in this cause appellant, not having asked for a suspended sentence, could not have received such, and the jury had no right to thus recommend. The trial court had no right to accept such a verdict; and after having accepted the same, it had no right to thus disregard a portion thereof and accept a portion of such verdict.

It is now the settled law of this State that where a jury recommends a suspended sentence, when the issue was not submitted to them, the trial court improperly received such verdict,

and improperly entered a judgment ignoring such a recommendation. That such was not the holding of this court at an earlier date is borne out by the cases of Barnett v. State, 170 S. W. Rep. 143; Speer v. State, 171 S. W. Rep. 201, and Bassett v. State, 78 Texas Crim. Rep. 110, 180 S. W. Rep. 249, but these cases have in effect been overruled in Champion v. State, 19 S. W. (2d) 63; Pritchard v. State, 35 S. W. (2d) 717, and Castro v. State, 42 S. W. (2d) 779, which cases hold, in substance, that unless such an unresponsive verdict as the present one is corrected in the jurors' presence and by their permission, that the trial judge can no more reform the same by ignoring any part thereof than he could by adding anything thereto. C. C. P. 696. We quote from Pritchard v. State, supra: 117 Texas Crim., Rep. 106, 35 S. W. (2d) 718: "Judge Hawkins, in the same case (Champion v. State, 113 Texas Crim. Rep. 172, 19 S. W. (2d) 63) in his concurring opinion, says: 'I believe the opinion of the majority of the court in Bessett v. State, 78 Texas Cr. R. 110, 180 S. W. 251, is erroneous. I am in full accord with the dissenting opinion of Judge Davidson in that case to the effect that a trial judge may not receive a verdict which as a part thereof recommends a suspended sentence and then enter a judgment which ignores such recommendation."

It is our opinion that the trial court in this case having entered an unauthorized judgment upon the verdict which he ought not to have received, makes it necessary for us to reverse the judgment and remand the case.

The judgment is reversed and the cause remanded.