## WESLEY JOHNSON V. THE STATE.

No. 23611. Delivered March 5, 1947.

*Wyatt J. Baldwin,* of Beaumont, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for burglary of a private residence at night; punishment assessed at five years in the penitentiary.

The indictment contained two counts; the first charged burglary at night of the private residence of Mrs. Sarah Grado, the second charged burglary of the house of Mrs. Sarah Grado. The court submitted the case to the jury upon the first count only.

The evidence shows that Mrs. Grado operated a store with sleeping rooms for the family over the store. On the night of the burglary the family were downstairs. Someone heard a noise in the sleeping rooms above. They went up to investigate and found appellant, a negro man, under one of the beds. He was taken downstairs and detained until an officer was summoned to whom appellant was turned over.

It was discovered that a screen to one of the upstairs windows opening into the sleeping room had been removed. Appellant's confession was put in evidence, in which confession he said he gained access to the window from the roof of some out-houses, removed the screen and went into the room looking for money.

Appellant's defense was insanity. This issue was submitted

to the jury who found against him. No objections were urged to the charge of the court.

The court did not submit the question of a suspended sentence, presumably for the very good reason that a suspended sentence is not available upon conviction for burglary of a private residence at night. Art. 776 C. C. P.

The only complaint is presented by bill of exception number two which reveals the following: The charge to the jury did not contain the forms of verdict. However, when the jury retired the clerk handed them forms of verdict, one of which was for the recommendation of a suspended sentence. The clerk, was inexperienced, having only been clerk for about two weeks. The court did not tell him to give the suspended sentence form to the jury, and the clerk testified that he gave it to the jury through error. Upon hearing of the motion for new trial the further facts were developed that the jury discussed the question of suspending appellant's sentence, and they seemed to be favorable to it, but no vote was taken on it. Some member of the jury questioned whether they could do so, and said they shouldn't have that form. Whereupon they came into court to ask the judge about it. Upon discovering the facts the court withdrew from the jury the suspended sentence form, and retired them for further consideration of their verdict. Appellant, through his counsel objected to the court refusing his motion for new trial because he says the court was in error in withdrawing from the jury the issue of suspended sentence when the court had not told the jury that only the count of burglary of a private residence at night was before them.

In the first place, the issue of suspended sentence had never been submitted to the jury, and in the second place, the charge of the court was perfectly plain as to the offense submitted. It occurs to us that what the court did in withdrawing the form of a suspended sentence verdict from the jury under the circumstances here present was the only sensible and reasonable thing to do. It would have been foolish to let the jury bring in a verdict recommending a suspended sentence, and then refuse to receive it, either correcting it with the jury permission or send them back for further consideration, advising them that the issue of suspended sentence was not before them. It is plainly indicated what the court should do when the jury recommends a suspended sentence where the issue is not submitted in Ex parte Edwards, 125 Tex. Cr. R. 188, 67 S. W. (2d) 308, and McCoy v. State, 136 Tex. Cr. R. 473, 126 S. W. (2d) 487.

The course pursued by the court in the present case anticipated what might occur, and reached the same result.

It is noted that according to the record no objection was made at the time the court withdrew the form of verdict in case the jury recommended a suspended sentence and no exception was reserved at that time to the action of the court, but the exception is to overruling the motion for new trial based upon the occurrence mentioned. It is questionable whether the procedure was proper. See Meir v. State, 120 Tex. Cr. R. 397, 49 S. W. (2d) 757, and Love v. State, 125 Tex. Cr. R. 555, 60 S. W. (2d) 142.

However, the question having arisen in a most unusual manner, it has been considered irrespective of any irregularity in preserving the point.

Finding no error in the record, the judgment is affirmed.