LOUISE GARRETT V. STATE.

No. 26,652. November 25, 1953.

*Ramsey & Ramsey,* by *Ben Ramsey,* San Augustine, for appellant.

*James A. Doherty,* County Attorney, San Augustine, and *Wesley Dice,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was charged with a violation of the liquor law in San Augustine County; and two prior convictions of like offenses were also alleged in the complaint and information. Her punishment was assessed at a fine of $500.00, and confinement in the county jail for one year.

It appears from the record in this case that appellant pleaded guilty before a jury to the alleged offense, and the state proved the same relative to the charge for which she was on trial, but it seems that the charges of prior convictions were not allowed to go to the jury, the state having withdrawn the same.

There are four bills of exception in the record. We will first discuss Bill No. 2, which reflects that the appellant demanded and was given a jury trial; that she pleaded guilty to selling whisky as charged; that she had no attorney to represent her; and that she waived a written charge by the judge relative to the case. The court did not instruct the jury in writing as to

the law in the case and did not deliver to them a written charge on the law applicable thereto.

Appellant relies upon Article 658, Vernon's C. C. P., which she claims justifies this court in reversing this case because of a violation thereof. We think her claim is well founded. We quote a portion of this article which was passed in 1953 at the Regular Session of the 53rd Legislature, page 486, as follows:

"In each felony case and in each misdemeanor case tried in the court of record, the Judge shall, before the argument begins, deliver to the jury, except in pleas of guilty, where a jury has been waived, a written charge distinctly setting forth the law applicable to the case," etc.

It will be observed that in this cause the appellant pleaded guilty and waived a written charge to the jury as shown by the bill itself, but did not waive a jury as provided for in the article above quoted. We pretermit any further ruling on this matter on account of the matters that are set forth in Bill of Exception No. 1 herein, which complains of the following fact:

That after the evidence was in and the jury had retired for their verdict, they returned into open court a verdict in writing which the court received and filed without making any changes therein and then discharged the jury. The verdict returned by the jury reads as follows:

"We, the jury find Louise (Greer) or Garrett guilty as charged, and fine her $500.00 plus cost of Court, and one year in jail.

"Due to her condition a one-year suspension is recommended, unless convicted again of charges involving the sale of whiskey, beer or wine in such case, she shall serve the year in jail.
"Joe Bickley, Foreman."

The trial court proceeded to ignore the suspension of the jail sentence and sentenced the appellant in his judgment to a fine of $500.00 and imprisonment in the county jail of San Augustine County for a term of one year, stating in said judgment "that said recommendation by said jury of one year suspension of jail sentence, as shown by said verdict, is unauthorized by law herein, and the same is by the court regarded to be surplusage and having no legal effect herein whatever, the same being merely an unauthorized expression by said jury."

We think that the court fell into error in ignoring such suspension. He should have refused to receive this verdict and sent the jury back for further deliberations in this cause.

In McCoy v. State, 136 Tex. Cr. R. 473, 126 S.W. (2d) 487, this court held as follows:

"It is now the settled law of this State that where a jury recommends a suspended sentence, when the issue was not submitted to them, the trial court improperly received such verdict, and improperly entered a judgment ignoring such a recommendation. * * * These cases hold, in substance, that unless such an unresponsive verdict as the present one is corrected in the jurors' presence and by their permission, that the trial judge can no more reform the same by ignoring any part thereof than he could by adding anything thereto. C.C.P. Art. 696."

Many cases are cited in the McCoy case, supra.

Because of the error of the court mentioned, we think this cause should be reversed and remanded, and it is so ordered.