## CLYDE W. HARRISON V. STATE

No. 27,708. October 26, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) December 14, 1955

*Fisher and Reavley*, by *Joe J. Fisher*, Jasper, for appellant.

*J. L. Smith*, District Attorney, San Augustine, and *Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for burglary; the punishment, 2 years in the penitentiary.

The Methodist Church at Call, Newton County, Texas, owned a house for use as a parsonage, which was furnished. It was not occupied at the time in question, the church being without a pastor.

A day or two before December 10, 1954, a neighbor noticed that the back door of the house was open, and on December 10 reported such fact.

An examination of the premises on that date revealed that the locked door had been broken open, and various items were missing, including a wood heater, a butane heater, mattress, and other household goods.

The house was again locked or nailed closed, and inquiries begun in an effort to apprehend the guilty party.

Before any of the inquiries bore fruit, the house was again found to have been burglarized by someone, and all of the remaining contents were missing except "the refrigerator and vacuum."

In addition to the property missing from the house, on the first occasion, the yard gate was gone and after December 10th the propane gas tank disappeared.

On February 1, 1955, practically all of the property missing from the parsonage was found at appellant's home. The wood heater was "put up" in the back room, the mattress was on the bed in the back room; the yard gate was on the porch and the gas tank was in the yard.

Appellant's first explanation, according to the state's witnesses, was that he had purchased the property from a Negro. While under arrest, he stated that it was a yellow Negro, and after his release on bond he stated that it was a black Negro, according to the State's Witness Cansler. He testified at the trial that he purchased it from a man whose description and the description of his truck met that of one Happy Jack Hinson, a cripple who dealt in scrap iron.

Hinson appeared as a witness for the state and testified in effect that he had no connection with the property or theft and did not drive his truck because of his disability. Appellant declined to positively identify him as the person from whom he claimed to have purchased the property.

It is significant to note that, according to appellant's testimony, a week before his arrest he purchased the gas tank which was taken from the premises of the parsonage some time after December 10, 1954, and at the same time and from the same truck received the other property, including a yard gate, a wood heater and a mattress, which had been taken from the house prior to December 10.

There is sufficient evidence to support a finding that appellant's explanation of his possession of the recently stolen property which was missing from the burglarized building was false.

We overrule the contention that the evidence is insufficient to sustain the conviction.

The testimony relating to the second burglary and to the

theft of the gas tank was clearly admissible, the fruits of the crime having been found in the possession of appellant, and his explanation of such possession being the same as to the property taken on the first and subsequent occasions.

The bill of exception complaining of the testimony of Hal Cansler, that on the night appellant was arrested he told him that he bought the property from "a yellow negro," was qualified to show that no objection was offered to said testimony until the witness was on cross-examination. The record shows that the court thereafter instructed the jury to disregard the testimony, the defendant being under arrest when the statement was made.

As qualified, the bill does not show reversible error.

The verdict returned by the jury and received and ordered entered by the court reads as follows:

"The verdict of the petit jury impaneled to hear the case of The State of Texas vs. Clyde W. Harrison is that we find the defendant guilty and do hereby sentence him to a term of two years in the penitentiary with the recommendation that he receive time off for good behavior.

"C. E. Ebner, Foreman."

The question presented in regard to the verdict is, may the concluding statement "with the recommendation that he receive time off for good behavior" be rejected as surplusage, or does such recommendation of the jury vitiate the verdict?

Appellant argues that the trial court had no right to accept the verdict, but having done so may not disregard a portion thereof and accept a portion after the jury has been discharged.

The verdict, being informal, should have been corrected at the time it was returned into court and before the jury was discharged. It does not follow that a reversal is called for if the verdict as returned is sufficient. Layman v. State, 126 Texas Cr. R. 533, 73 S.W. 2d 97.

In Briggs v. State, 112 Texas Cr. R. 343, 16 S.W. 2d 1074, we held that the action of the trial judge in tearing off the bottom part of the verdict reading "Furthermore, we the jury ask

the judge to reduce sentence to one year if he can" was not error, the jury consenting to such correction.

Appellant relies upon this authority and urges that the opinion leads to the belief that if the trial judge had not corrected the verdict in the presence of and with the consent of the jury the verdict would have been invalid and insufficient.

The rule appears to be that surplusage does not vitiate a verdict and that the superfluous words may be rejected, if sufficient remains to constitute a finding responsive to the issues. 42 Texas Jur., Sec. 359, p. 457.

The court, however, cannot render a verdict or any part thereof.

In McCoy v. State, 136 Texas Cr. R. 473, 126 S.W. 2d 487, the jury recommended a suspended sentence, though no application had been filed and no such issue had been submitted to them. This court held that the trial judge could not accept the verdict and ignore the jury's recommendation. See also Prichard v. State, 117 Texas Cr. R. 106, 35 S.W. 2d 717; Castro v. State, 118 Texas Cr. R. 53, 42 S.W. 2d 779; and Garrett v. State, 159 Texas Cr. R. 203, 262 S.W. 2d 414.

On the other hand, in Beach v. State, 150 Texas Cr. R. 193, 199 S.W. 2d 1020, the defendant was convicted of driving a motor vehicle upon a public highway while intoxicated. The verdict contained the recommendation that he be permitted to retain his driver's license.

It was held that the court could disregard the recommendation, the rule regarding suspension of sentence recommendation not applying. The distinction was upon the theory that suspension of the driving license was automatic upon conviction, whereas suspension of sentence is a matter within the province of the jury.

In a number of cases this court has disregarded the provision of a verdict recommending probation of the jail term, in misdemeanor convictions. A late case upon the point is Brooks v. State, 161 Texas Cr. R. 73, 275 S.W. 2d 500, wherein we said:

"The fact that the recommendation of the jury under the suspended sentence law is binding on the court, whereas their recommendation as to the enforcement of the punishment as-

sessed in a misdemeanor case is not, distinguishes this case from the decisions cited by our State's Attorney."

For a like reason, the recommendation of the jury that appellant "receive time off for good behavior" added nothing to the verdict, and took nothing from it.

It was not a recommendation that the court in any case would have authority to grant or refuse, and is therefore surplusage and may be rejected as such.

The judgment is affirmed.

DAVIDSON, Judge (concurring).

In Brooks v. State, 161 Texas Cr. R. 73, 275 S.W. 2d 500, I had occasion to express my views relative to the necessity for a trial court to follow the jury's verdict in entering judgment in a criminal case.

I adhere to the views expressed therein. I do not, however, agree that the verdict in the instant case was such as to come within the condemnation of the authorities cited by me in support of my views as stated in the Brooks case.

Here, the recommendation of the jury was that appellant "receive time off for good behavior." The law (Art. 6166v, Vernon's R.C.S.) gives time off for good behavior to every convict. This the trial court had nothing to do with and could neither extend nor deny to appellant.

Hence, under the law, appellant has the benefit of the recommendation the jury made.

I concur in the affirmance of this case.