HENRY ET AL. *v.* CITY OF ROCK HILL.

No. 826. Decided April 6, 1964.

*Jack Greenberg, Constance Baker Motley, Matthew J. Perry, Lincoln C. Jenkins, Jr., Donald James Sampson* and *Willie T. Smith, Jr.* for petitioners.

PER CURIAM.

When this case was last before us, we granted certiorari, vacated the judgment holding petitioners guilty of breach of the peace, and remanded the case to the Supreme Court of South Carolina "for further consideration in light of *Edwards* v. *South Carolina,* 372 U. S. 229." 375 U. S. 6. That has been our practice in analogous situations where, not certain that the case was free from all obstacles to reversal on an intervening precedent, we remand the case to the state court for reconsideration. *Daegele* v. *Kansas,* 375 U. S. 1; *Pickelsimer* v. *Wainwright,* 375 U. S. 2; *Newsome* v. *North Carolina,* 375 U. S. 21; *Shockey* v. *Illinois,* 375 U. S. 22; *Ausbie* v. *California,* 375 U. S. 24; *Herrera* v. *Heinze,* 375 U. S. 26; *Barnes* v. *North Carolina,* 375 U. S. 28. The South Carolina Supreme Court examined *Edwards* and the later case of *Fields* v. *South*

*Carolina,* 375 U. S. 44, found them not controlling, and reaffirmed the convictions. In its opinion on the remand in the present case, the South Carolina Supreme Court expressed doubt concerning the meaning and significance of our remand order, and it went on to explain why, in its view, the *Edwards* and the *Fields* cases were distinguishable. For those reasons, it is appropriate to add these words of explanation.

The South Carolina Supreme Court correctly concluded that our earlier remand did not amount to a final determination on the merits.* That order did, however, indicate that we found *Edwards* sufficiently analogous and, perhaps, decisive to compel re-examination of the case.

We now think *Edwards* and *Fields* control the result here. As in those cases, the petitioners here, while at a place where the State's law did not forbid them to be, were engaged in the "peaceful expression of unpopular views." *Edwards* v. *South Carolina,* 372 U. S., at 237. They assembled in a peaceful, orderly fashion in front of the City Hall to protest segregation. They carried signs to that effect and they sang patriotic and religious songs. Although white onlookers assembled, no violence or threat of violence occurred and traffic was not disturbed. After 15 minutes of this, they were arrested for failure to disperse upon orders. Here, as in *Edwards* and *Fields,* petitioners "were convicted of an offense so generalized as to be, in the words of the South Carolina Supreme Court, 'not susceptible of exact definition.' " *Ibid.* And here as there "they were convicted upon evidence which showed no more than that the opinions which they were

---

*The South Carolina Supreme Court intimated that the rule of *Edwards* was designed to guide us in determining our review of state action. But *Edwards* states a rule based upon the Constitution of the United States which, under the Supremacy Clause, is binding upon state courts as well as upon federal courts.

peaceably expressing were sufficiently opposed to the views of the majority of the community to attract a crowd and necessitate police protection." *Ibid.*

*Edwards* established that the "Fourteenth Amendment does not permit a State to make criminal the peaceful expression of unpopular views." *Ibid.* As in *Edwards,* the South Carolina Supreme Court has here "defined a criminal offense so as to permit conviction of the petitioners if their speech 'stirred people to anger, invited public dispute, or brought about a condition of unrest. A conviction resting on any of those grounds may not stand.' [*Terminiello* v. *Chicago,* 337 U. S. 1, 5.]" *Id.,* at 238. Accordingly certiorari is granted and the judgment is reversed.