Kevin Lee ZIMMERMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 71106.

Court of Criminal Appeals of Texas,
En Banc.

June 1, 1994.

Douglas M. Barlow, Beaumont, for appellant.

Tom Maness, Dist. Atty., and John R. De-Witt, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON REMAND FROM THE UNITED STATES SUPREME COURT

CAMPBELL, Judge.

On original submission, we affirmed the judgment of the trial court in this case. *Zimmerman v. State,* 860 S.W.2d 89 (Tex. Crim.App.1993). The United States Supreme Court subsequently granted appellant's petition for writ of certiorari, vacated our judgment, and remanded this case for further consideration in light of *Johnson v. Texas,* —— U.S. ——, 113 S.Ct. 2658, 125 L.Ed.2d 290 (1993). We will again affirm.

In *Johnson,* the petitioner, Dorsie Lee Johnson, was found guilty of capital murder and sentenced to death by a Texas jury. At the sentencing phase of Johnson's trial, the jury was instructed on special issues one and two.[1] The jury was also instructed that, in determining each of the special issues, it could take into consideration all of the evidence submitted to it in either phase of the trial, whether the effect of the evidence was aggravating or mitigating. On appeal, Johnson argued that, under the Eighth Amendment, the trial court should have allowed a special instruction at the punishment phase concerning the potentially mitigating evidence of his youth.

In *Johnson,* the Supreme Court reaffirmed its previous holding in *Franklin v. Lynaugh,* 487 U.S. 164, 108 S.Ct. 2320, 101 L.Ed.2d 155 (1988), that the Texas capital sentencing scheme, as it stood prior to 1991,[2] satisfied both of the concerns expressed in *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), namely, that capital ju-

---

**1.** At the time of Johnson's trial, Article 37.071(b) of the Texas Code of Criminal Procedure provided for a jury to consider the following special issues in determining whether to assess the death penalty in a capital case:

(1) whether the conduct of the defendant that caused the death of the deceased was committed deliberately and with the reasonable expectation that the death of the deceased or another would result;

(2) whether there is a probability that the defendant would commit criminal acts of vio-

lence that would constitute a continuing threat to society; and

(3) if raised by the evidence, whether the conduct of the defendant in killing the deceased was unreasonable in response to the provocation, if any, by the deceased.

**2.** Article 37.071(b) of the Texas Code of Criminal Procedure was amended in 1991 to comply with the Supreme Court's decision in *Penry v. Lynaugh,* 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989).

ries should be allowed to consider mitigating evidence in deciding whether to impose the death penalty, and that the discretion of such capital juries should not be left "untrammeled." The Court also held that the trial court's refusal to allow Johnson a special instruction at the sentencing phase of his trial concerning mitigating evidence of his youth did not offend the Eighth Amendment's prohibition against cruel and unusual punishments.

The Supreme Court's *Johnson* decision succeeded its earlier decision in *Penry v. Lynaugh*, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989). In *Penry*, the petitioner, Johnny Paul Penry, provided evidence during his capital murder trial of his mental retardation and abusive childhood. The Court held that the special issues under the Texas capital sentencing scheme were insufficient, without an additional jury instruction, to give effect to the relevant mitigating evidence offered by Penry at his trial. The Court held, specifically, that, without an additional jury instruction, the jury in Penry's case was unable to make a "reasoned moral response" to Penry's mitigating evidence in deciding whether to impose the death penalty.

On original submission in the instant case, we held that the "mitigating" evidence offered by appellant did not warrant a *Penry*-type jury instruction at the punishment stage of his trial. *Zimmerman*, 860 S.W.2d at 102. Appellant introduced evidence at his trial in the form of testimony from two psychologists and his adoptive mother. The first psychologist, Dr. Windel Dickerson, testified that appellant had an I.Q. "in the 80's" and that he had a problem of "substance abuse" that impeded his progress toward life as a social, productive person. Another psychologist, Dr. Ray Coxe, testified that appellant had a "paranoid personality disorder," in that he had a history of difficulties in relationships with other people, and that he was generally angry toward and mistrustful of others. Dr. Coxe also testified concerning appellant's childhood, stating that appellant came from a "very disruptive, uneven family environment," he experienced parental abandonment on two occasions, and that, by appellant's own account, he had suffered some abuse as a child. Finally, appellant's adoptive mother testified that he had been adopted by her at age three. She also testified that appellant had fractured his skull at age ten and, as a result, a metal plate had been inserted in his head.

■ On original submission, we held that that evidence did not merit an additional jury instruction. We do not believe that *Johnson* changes our holding on original submission. Appellant does not claim youth to be a mitigating factor in this case. The record shows that appellant was 25 years old when he committed the instant offense. The petitioner in *Johnson*, in contrast, was only 19 at the time he committed his offense. We believe, therefore, that a special instruction concerning appellant's youth was not warranted in the instant case, given the outcome in *Johnson*.

■ The "mitigating" evidence provided by appellant in the instant case does not rise to the level of that provided in *Penry*. In *Penry*, the record contained evidence that the petitioner, Penry, suffered from a combination of organic brain damage and moderate mental retardation, specifically an I.Q. of 54, which resulted in poor impulse control and an inability to learn from experience. Penry also offered evidence which indicated he had been abused as a child. Specifically, Penry's sister testified that, when he was a child, his mother had frequently beaten him over the head with a belt and routinely locked him in his room without access to a toilet for long periods of time.

The evidence offered in *Penry* differs substantially from that offered by appellant in the instant case. Penry's I.Q. was appraised at 54, showing moderate mental retardation, whereas appellant's I.Q. was estimated to be "in the 80's." Penry provided specific evidence of physical abuse he suffered as a child, whereas the record in the instant case lacks any specific description of the abuse appellant claims to have suffered as a child. Finally, Penry showed evidence of organic brain damage, thereby demonstrating a tangible mental defect. Appellant, in contrast, has not shown that he suffers from a mental defect.

Additionally, appellant still has not shown a nexus between his "mitigating" evidence and his commission of the offense in question. *See Nobles v. State*, 843 S.W.2d 503, 506 (Tex.Crim.App.1992). In other words, appellant has not shown that his "mitigating" evidence "tends to excuse or explain his criminal act." *Muniz v. State*, 851 S.W.2d 238 (Tex.Crim.App.1993). Hence, we conclude that appellant was not entitled to a *Penry*-type instruction on his "mitigating" evidence. We are unable to see how *Johnson* alters that determination.

In the instant case, as in *Johnson*, the trial court offered the jury an additional instruction at the punishment phase, the gist of which was to direct the jury to consider any and all mitigating evidence in answering the special issues mandated by Article 37.071(b) of the Texas Code of Criminal Procedure. In light of the foregoing, we hold that an additional instruction concerning appellant's "mitigating" evidence was not required under *Johnson* or *Penry*.

The judgment of the trial court is AFFIRMED.

CLINTON, J., dissents.

MALONEY, J., concurs in the result.