Miguel A. RICHARDSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 68934.

Court of Criminal Appeals of Texas,
En Banc.

June 1, 1994.

Rehearing Denied Sept. 21, 1994.

Certiorari Denied June 26, 1995.
See 115 S.Ct. 2617.

Allen Cazier, San Antonio, Steven B. Rosenfeld, New York City (Maria H. Bainor, of counsel), for appellant.

Fred G. Rodriguez, Dist. Atty., and Keith Burris, Steve Hilbig, James L. Bruner and Daniel Thornberry, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for State.

*OPINION ON SECOND REMAND
FROM THE UNITED STATES
SUPREME COURT*

McCORMICK, Presiding Judge.

This case is here on second remand from the United States Supreme Court for us again to consider appellant's *Penry*[1] claim in light of *Johnson v. Texas,* 509 U.S. ——, 113 S.Ct. 2658, 125 L.Ed.2d 290 (1993). We affirmed appellant's conviction on the first remand and held the trial court did not err in failing to submit appellant's requested *Penry* charge at the punishment phase of his trial. *Richardson v. State,* 886 S.W.2d 769 (Tex.Cr. App.1991). We again affirm.

In *Johnson,* the Supreme Court reaffirmed its prior decisions that in the context of a facial challenge, Texas law sufficiently limits the factfinder's discretion in imposing the death penalty so it is not arbitrarily imposed, while Texas law also provides the factfinder sufficient discretion to give effect to a defendant's "relevant mitigating evidence" in making an individualized assessment of whether the death penalty is appropriate. See *Johnson,* 509 U.S. at —— – ——, ——, 113 S.Ct. at 2666–68, 2672. The Supreme Court also

---

1. 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989).

reaffirmed prior decisional law that the States may constitutionally channel the factfinder's consideration of "relevant mitigating evidence" as long as the States do not place this evidence completely beyond the factfinder's effective reach. *Johnson*, 509 U.S. at ——, ——, 113 S.Ct. at 2669, 2672.

*Johnson* held the relevant mitigating evidence of Johnson's youth was not placed beyond the factfinder's effective reach in answering special issue two; therefore, Johnson was not entitled to a *Penry* charge. *Johnson*, 509 U.S. ——, ——, 113 S.Ct. at 2669, 2672. *Johnson* distinguished *Penry* because Penry's relevant mitigating evidence of his severe mental retardation and childhood abuse, which rendered Penry unable to learn from his mistakes, could not have been given any mitigating effect under special issue one, and could only have been given "aggravating" effect under special issue two; therefore, the special issues placed Penry's "relevant mitigating evidence" completely beyond the factfinder's effective reach. See *Johnson*, 509 U.S. at —— – ——, 113 S.Ct. at 2667–69; *Penry*, 492 U.S. at 322–24, 109 S.Ct. at 2948–49. *Penry* says a defendant presents "relevant mitigating evidence" when he presents evidence that his criminal acts "are attributable to a disadvantaged background, or to emotional and mental problems."

> "If the sentencer is to make an individualized assessment of the appropriateness of the death penalty, 'evidence about the defendant's background and character is relevant because of the belief, long held by this society, that defendants who commit criminal acts that are attributable to a disadvantaged background, or to emotional and mental problems, may be less culpable than defendants who have no such excuse.'" *Penry*, 492 U.S. at 319, 109 S.Ct. at 2947.

Here, in support of his claim that he was entitled to a *Penry* charge, appellant relies on evidence of his "voluntary service

and kindness to others," "artistic and poetic talent," and "religious devotion." *Richardson*, 886 S.W.2d at 772–776. The jury could have used this evidence to answer "no" to special issue two. Therefore, the special issues did not place this evidence beyond the effective reach of the factfinder. See *Johnson*, 509 U.S. at ——, 113 S.Ct. at 2669.

Appellant also claims he presented evidence of "childhood abuse and mental and emotional impairment," which made him, like Penry, "unable to learn from his mistakes." Compare *Johnson*, 509 U.S. at ——, 113 S.Ct. at 2667. We disagree, and after having once again reviewed the relevant portions of the record, we conclude most of the evidence appellant presented "is really nothing more than evidence of a strictly rule-governed upbringing." [2] See *Richardson*, 886 S.W.2d at 777 (Benavides, J., concurring). This evidence and the other evidence upon which appellant relies is not "relevant mitigating evidence" under *Penry* because appellant has made no showing that his commission of this crime and other crimes was in any way attributable to these factors. See *Penry*, 492 U.S. at 319, 109 S.Ct. at 2947. We also are unaware of any long-held societal belief that one who commits criminal acts that are attributable to these factors "may be less culpable than defendants who have no such excuse." See *id.* Therefore, appellant was not entitled to a *Penry* charge.

The trial court's judgment is affirmed.

MALONEY, J., concurs in the result.

WHITE, J., not participating.

CLINTON, Judge, dissenting.

Twice this cause has been remanded to this Court by the United States Supreme Court. First the Supreme Court remanded the cause with instructions to reconsider it in light of its holding in *Penry v. Lynaugh*, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989). That done, the cause was again tak-

---

**2.** Appellant also relies on evidence which he claims shows his unwillingness to be touched, his need to indulge in constant self-aggrandizement, his dressing in women's clothing, his reading problems, his problems in high school with racial integration of the public schools, his father's strict discipline in the home, and his leaving home and dropping out of school at an early age because of a bad relationship with his father. The evidence of appellant dressing in women's clothes came from witnesses who said he did this to facilitate the commission of his crimes.

en to the Supreme Court on petition for certiorari. Now the cause is before us again, remanded for reconsideration in light of *Johnson v. Texas,* 509 U.S. ——, 113 S.Ct. 2658, 125 L.Ed.2d 290 (1993). In *Johnson* the Supreme Court put the finishing touches on a stunning piece of revisionism, recasting *Penry* to mean something it clearly does not. See *Elliott v. State,* 858 S.W.2d 478, at 492–98 (Tex.Cr.App.1993) (Clinton, J., dissenting). Accordingly, the Court has recently observed that so long as evidence proffered in mitigation of punishment can be given any mitigating application at all under the special issues contained in former Article 37.071(b), V.A.C.C.P., the Eighth Amendment does not require an additional jury instruction on mitigating evidence, as was required in *Penry. Ex parte Davis,* 866 S.W.2d 234 (Tex.Cr.App. 1993). The majority today is correct, then, to inquire whether appellant's proffered evidence may be considered mitigating within the confines of the special issues, for that is surely the reconsideration in light of *Johnson* that the Supreme Court contemplated.

The majority concludes that appellant's evidence of "voluntary service and kindness to others," of his "artistic and poetic talent," and of his "religious devotion" could all be given some mitigating effect under the second special issue. Indeed, the majority had already concluded as much in its opinion following the first remand, at least as to appellant's evidence of service and kindness to others, and of religious devotion. It is puzzling, though, that the majority so readily concludes that the evidence of appellant's artistic and poetic talent is covered by the second special issue, considering that on the first remand the Court expressly eschewed such a rationale in rejecting that portion of appellant's contention. In any event, it is not apparent to me that artistic and poetic talent has any relevance whatsoever, aggravating or mitigating, to the issue of future dangerousness. The majority's conclusion that it does bears some explanation. None is forthcoming.

The majority also concludes that appellant is not entitled to a *Penry* instruction on account of evidence of childhood abuse and disadvantaged background. I continue to believe, as I did at the time of the first remand, that appellant has presented no evidence of an abused childhood. It does seem to me, however, that he presented at least marginally colorable evidence of a disadvantaged background. That evidence has no mitigating significance within the scope of the statutory special issues. Thus, the holding in *Johnson* is not implicated. The majority today therefore disposes of this claim, not according to *Johnson,* but by rote invocation of its own "homemade 'nexus' requirement[.]" *Elliott v. State,* supra, at 492. That approach is not supported by either *Johnson* or *Penry.* Therefore, as in *Lackey v. State,* 819 S.W.2d 111, at 138 (Tex.Cr.App.1991) (On appellant's motion for rehearing) (Clinton, J., dissenting), *Goss v. State,* 826 S.W.2d 162, at 169 (Tex.Cr.App.1992) (Clinton, J., dissenting), and *Ex parte Bower,* 823 S.W.2d 284, at 291 (Tex.Cr.App.1991) (Clinton, J., dissenting), I respectfully dissent.