**Charles E. MINES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 70893.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 30, 1994.

Jeffrey J. Pokorak, San Antonio, for appellant.

Joe F. Grubbs, Dist. Atty., and Lacy D. Buckingham and Cindy Hellstern, Asst. Dist. Attys., Waxahachie, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON REMAND FROM THE UNITED STATES SUPREME COURT

MILLER, Judge.

On original submission, we affirmed the judgment of the trial court in this cause. *Mines v. State*, 852 S.W.2d 941 (Tex.Crim. App.1992). The U.S. Supreme Court granted Appellant's petition for writ of certiorari, vacated our judgment, and remanded the cause for consideration in light of their decision in *Johnson v. Texas*, 509 U.S. ——, 113 S.Ct. 2658, 125 L.E.2d 290 (1993). Because we believe that *Johnson* does not change our original disposition of Appellant's *Penry* claims, we once again affirm.

Appellant was convicted of capital murder and sentenced to death. At trial, Appellant introduced evidence of a manic depressive state, also known as bipolar disorder. On original submission, we held that the special issues given during the punishment phase of the trial adequately encompassed the relevant, mitigating characteristics of Appellant's evidence and gave the jury a vehicle by which it could express its reasoned moral

response to this evidence. *Mines*, 852 S.W.2d at 952. Subsequent to our opinion, the U.S. Supreme Court handed down *Johnson, supra.*

The Supreme Court's decision in *Johnson* succeeded its opinion in *Penry v. Lynaugh*, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989). In *Penry*, the petitioner introduced evidence of his mental retardation and abusive childhood. The Supreme Court held that the Texas special issues could not adequately give effect to this evidence. Specifically, the jury instructions only allowed the jury to consider Penry's mitigating evidence as an aggravating factor because it suggested a "yes" answer to future dangerousness. *Id.* at 323, 109 S.Ct. at 2949. Similarly, the petitioner in *Johnson* argued that the Texas special issues could not give adequate mitigating effect to the evidence of his youth. The Supreme Court rejected Johnson's claim and held that there was not a reasonable likelihood that the jury would have found itself foreclosed from considering the relevant aspects of petitioner's youth through the second special issue. *Johnson*, 509 U.S. at ——, 113 S.Ct. at 2669. "We believe that there is ample room in the assessment of future dangerousness for a juror to take account of the difficulties of youth as a mitigating force in the sentencing determination." *Id.*

This Court, in several recent opinions and unpublished orders, has interpreted *Johnson* as being limited to its facts; youth. *See Ex Parte Granviel*, No. 6,620–04 (Tex.Crim.App. October 19, 1994) (unpublished order); *Ex Parte Hawkins*, No. 7,369–07 (Tex.Crim.App. October 12, 1994) (unpublished order); *Zimmerman v. State*, 881 S.W.2d 360 (Tex.Crim. App.1994); *Ex Parte Lucas*, 877 S.W.2d 315 (Tex.Crim.App.1994). In these cases, several judges on this Court have argued that the Supreme Court's remand in light of *Johnson* must be for some other purpose than to just consider age. *See Ex Parte Lucas*, 877 S.W.2d 315 (Clinton, Baird, and Overstreet, JJ. dissenting); *Ex Parte Hawkins, supra*

(J. Baird concurring). In fact, the Supreme Court held in *Johnson* that youth **could** be given proper mitigating effect within the framework of the Texas special issues. Therefore, it would be pointless for the Supreme Court to remand a case for consideration of an issue that they have already decided. Accordingly, *Johnson* must mean something more.

The Supreme Court in *Johnson* stated that "[t]he evidence of Johnson's youth fell outside *Penry's* ambit. Unlike Penry's mental retardation, which rendered him unable to learn from his mistakes, the ill effects of youth that a defendant may experience are subject to change and, as a result, are readily comprehended as a mitigating factor in consideration of the second special issue." *Johnson*, 509 U.S. at ——, 113 S.Ct. at 2670. Therefore, a more plausible and logical explanation for the Supreme Court's remand in this case and its companions[1] would be to consider whether the mitigating evidence offered in each individual case was subject to change, like the youth of Johnson, or constant, such as the mental retardation of Penry.

At trial, Mines presented evidence of bipolar disorder. There was testimony that, if Appellant was suffering from bipolar disorder, proper treatment would reduce the odds that he would commit future acts of violence. *Mines*, 852 S.W.2d at 951. There was no testimony of any long term mental illness that precluded him from conforming his behavior to societal norms, as in *Penry*. To the contrary, the testimony showed that when bipolar disorder is in remission, with or without treatment, a person is capable of conforming his behavior to societal expectations. *Id.* 852 S.W.2d at 949. This mitigating evidence is not constant, as in *Penry*, and is subject to change. Consequently, the jury could have adequately given mitigating effect to this evidence through the second special issue. Furthermore, like *Johnson*, the jury was instructed that it could consider all of

1. The other cases remanded for reconsideration in light of *Johnson* and decided by this Court were *Ex Parte Granviel*, No. 6,620–04 (Tex.Crim. App. October 19, 1994); *Ex Parte Hawkins*, No. 7,369–07 (Tex.Crim.App. October 12, 1994);

*Zimmerman v. Texas*, No. 71,106 (Tex.Crim.App. May 31, 1994); *Earhart v. Texas*, 877 S.W.2d 759 (Tex.Crim.App.1994); and *Ex Parte Lucas*, 877 S.W.2d 315 (Tex.Crim.App.1994).

the evidence in either phase of the trial when assessing punishment. We fail to see how the jury was foreclosed from considering the mitigating aspects of Appellant's mental illness, if any, in its deliberations on punishment. The mitigating aspects of bipolar disorder were well within the effective reach of the jury.[2] Therefore, a special instruction concerning Appellant's mental illness was not warranted during the punishment phase of the case at bar.

We hold that our original opinion is unaffected by the Supreme Court's opinion in *Johnson.* Therefore, we reaffirm our original holding and the judgment of the trial court.

McCORMICK, P.J., and CAMPBELL, J., concur in the result.

WHITE, Judge, concurring.

I believe *Johnson v. Texas,* 509 U.S. ——, 113 S.Ct. 2658, 125 L.Ed.2d 290 (1993) was limited to evidence of a defendant's youth. Until this Court has received direction from the Supreme Court that this interpretation is incorrect, we should follow that interpretation.

CLINTON, J., dissents for reason given in his dissent in *Ex parte Lucas,* 877 S.W.2d 315, at 317 (Tex.Cr.App.1994).

BAIRD, Judge, concurring.

This is but one of seven cases where the Supreme Court granted certiorari, vacated our judgment, and remanded the case for consideration in light of *Johnson v. Texas,* 509 U.S. ——, 113 S.Ct. 2658, 125 L.Ed.2d 290 (1993). *See also, Hawkins v. Texas,* —— U.S. ——, ——, 113 S.Ct. 3029, 3030, 125 L.Ed.2d 718 (1993); *Earhart v. Texas,* —— U.S. ——, 113 S.Ct. 3026, 125 L.Ed.2d 715 (1993); *Granviel v. Texas,* —— U.S. ——, 113

S.Ct. 3027, 125 L.Ed.2d 715 (1993); *Lucas v. Texas,* —— U.S. ——, 113 S.Ct. 3029, 125 L.Ed.2d 717 (1993); *Richardson v. Texas,* —— U.S. ——, 113 S.Ct. 3026, 125 L.Ed.2d 715 (1993); *and, Zimmerman v. Texas,* —— U.S. ——, 114 S.Ct. 374, 126 L.Ed.2d 324 (1993).[1] The Supreme Court explained such an order in *Henry v. City of Rock Hill,* 376 U.S. 776, 84 S.Ct. 1042, 12 L.Ed.2d 79 (1964):

> When this case was last before us, we granted certiorari, vacated the judgment … and remanded the case … "for further consideration in light of *Edwards v. South Carolina,* 372 U.S. 229, 83 S.Ct. 680, 9 L.Ed.2d 697." That has been our practice in analogous situations where, not certain that the case was free from all obstacles to reversal on an intervening precedent, we remand the case to the state court for reconsideration.

> \* \* \* \* \* \*

> The South Carolina Supreme Court correctly concluded that our earlier remand did not amount to a final determination on the merits. That order did, however,— indicate that we found *Edwards* sufficiently analogous and, perhaps, decisive to compel re-examination of the case.

*Id,* 376 U.S. at 776–77, 84 S.Ct. at 1042–1043 (citations omitted). Consequently, the Supreme Court's order remanding this case suggests our opinion on original submission was erroneous.

### I.

In 1975, our capital sentencing scheme passed constitutional muster. In *Jurek v. Texas,* 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976), the Supreme Court held:

> … Texas has provided a means to promote the evenhanded, rational and consistent imposition of death sentences under

---

**2.** Although a "nexus" issue is not within the immediate purview of a *Johnson* remand, we further note that Appellant has failed to establish a nexus between his illness and "the circumstances of the offense which tends to excuse or explain the commission of the offense, suggesting that [he] is less deserving of a death sentence." *Mines,* 852 S.W.2d at 951. *See also Nobles v. State,* 843 S.W.2d 503, 506 (Tex.Crim.App.1992).

**1.** We have complied with the Supreme Court's order and denied relief in each case. *See, Ear-*

hart v. State, 877 S.W.2d 759 (Tex.Cr.App.1994) (On remand); *Ex parte Lucas,* 877 S.W.2d 315 (Tex.Cr.App.1994) (On remand); *Zimmerman v. State,* 881 S.W.2d 360 (Tex.Cr.App.1994) (On remand); *Richardson v. State,* 1994 WL 232383 (Tex.Cr.App. No. 68,934 delivered June 1, 1994) (On remand); *and, Hawkins v. State,* No. 7,369–07 (Tex.Cr.App. delivered October 12, 1994) (On remand) (not published).

law. Because this system serves to assure that sentences of death will not be "wantonly" or "freakishly" imposed, it does not violate the Constitution.

*Id.,* 428 U.S. at 276, 96 S.Ct. at 2958. We have rejected many constitutional challenges to our capital sentencing scheme since *Jurek. See e.g., Stewart v. State,* 686 S.W.2d 118 (Tex.Cr.App.1984), cert. denied, 474 U.S. 866, 106 S.Ct. 190, 88 L.Ed.2d 159 (1985); *Phillips v. State,* 701 S.W.2d 875 (Tex.Cr.App. 1985), cert. denied, 477 U.S. 909, 106 S.Ct. 3285, 91 L.Ed.2d 574 (1986); *Fierro v. State,* 706 S.W.2d 310 (Tex.Cr.App.1986); *Demouchette v. State,* 731 S.W.2d 75 (Tex.Cr.App. 1986), cert. denied, 482 U.S. 920, 107 S.Ct. 3197, 96 L.Ed.2d 685 (1987); *and, Cordova v. State,* 733 S.W.2d 175 (Tex.Cr.App.1987), cert. denied, 487 U.S. 1240, 108 S.Ct. 2915, 101 L.Ed.2d 946 (1988).

However, thirteen years after *Jurek,* we learned that our capital sentencing scheme may be unconstitutionally applied. *Penry v. Lynaugh,* 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989). Penry presented mitigating evidence that he was mentally retarded, suffered organic brain damage, and suffered physical and mental abuse as a child. *Id.,* 492 U.S. at 309, 109 S.Ct. at 2941. The Supreme Court held our statutory punishment issues did not allow the jury to give effect to this mitigating evidence. *Id.,* 492 U.S. at 323, 109 S.Ct. at 2949.

Four years later, in *Graham v. Collins,* — U.S. —, 113 S.Ct. 892, 122 L.Ed.2d 260 (1993), the Supreme Court stated:

> We do *not* read *Penry* as effecting a sea change in this Court's view of the constitutionality of the former Texas death penalty statute; it does *not* broadly suggest the invalidity of the special issue framework.

*Id.,* — U.S. at —, 113 S.Ct. at 901 (emphasis in original).

Also in 1993, the Supreme Court considered whether mitigating evidence of youth could be considered and given effect within our capital sentencing scheme. *Johnson,* 509 U.S. —, 113 S.Ct. 2658, 125 L.Ed.2d 290 (1993). Recognizing that evidence of youth can be mitigating,[2] the Court nonetheless held the jury was not precluded from considering and giving effect to this evidence:

> ... We believe that there is ample room in the assessment of future dangerousness for a juror to take account of the difficulties of youth as a mitigating force in the sentencing determination.

*Id.* However, the *Johnson* Court specifically stated: "*Penry* remains the law and must be given a fair reading." *Id.,* — U.S. at —, 113 S.Ct. at 2670.

## II.

This and the aforementioned cases were remanded to this Court for consideration in light of *Johnson.* On one such remand, *Ex parte Lucas,* 877 S.W.2d 315 (Tex.Cr.App. 1994), a majority of this Court held:

> In our initial review ... we held that the potentially mitigating evidence offered ... did not warrant a *Penry*-type instruction ... We do not believe that *Johnson* changes that holding. The record shows ... [Lucas] was 43 years old when he committed the instant offense. The petitioner in *Johnson* ... was 19 when he committed his offense. We believe, therefore, that youth is not a factor in the instant case.

*Id.,* 877 S.W.2d at 317.[3] In *Zimmerman v. State,* 881 S.W.2d 360, 363 (Tex.Cr.App.1994),

---

**2.** The Court recognized that maturity often has a positive effect upon the "impetuousness and recklessness that may dominate in younger years," *Johnson,* — U.S. at —, 113 S.Ct. at 2669.

**3.** In a dissenting opinion which I joined, Judge Overstreet, expressed the belief that "there must be something within *Johnson* aside from the age of the defendant which merits such 'further consideration.'" *Lucas,* 877 S.W.2d at 318 (Overstreet, J., dissenting). The dissent believed *Johnson* was distinguished from *Penry* because "the ill

effects of youth that a defendant may experience are subject to change and, as a result are readily comprehended as a mitigating factor in consideration of the second special issue." *Lucas,* 877 S.W.2d at 318 (citing *Johnson,* — U.S. at —, 113 S.Ct. at 2670). However, if the mitigating evidence was permanent, i.e., not subject to change, such as Penry's mental illness, then the *Lucas* dissent would hold a *Penry* instruction was required. In light of this Court's treatment of *Lucas,* supra, and *Zimmerman v. State,* 881 S.W.2d 360, however, it is apparent that a major-

a majority of this Court reaffirmed its interpretation of *Johnson* as being limited to evidence of a defendant's youth. Insofar as a majority of this Court has concluded that *Johnson* is a decision with a limited holding that mitigating evidence of youth can be considered and given effect within our capital sentencing scheme, the doctrine of *stare decisis* controls. *Ex parte Porter*, 827 S.W.2d 324, 329 (Tex.Cr.App.1992) (Baird, J., dissenting); *and, Richardson v. State*, 879 S.W.2d 874, 885 (Tex.Cr.App.1993) (Baird, J., dissenting).

The record in the instant case reflects that appellant was between 39 and 46 years old when he committed the offense.[4] I do not believe that *Johnson,* where the petitioner was nineteen at the time he committed his offense, changes our holding on original submission. Consequently, youth was not a factor in the instant case and appellant is not entitled to relief. *Lucas,* 877 S.W.2d at 317; *and, Zimmerman,* 881 S.W.2d at 362. The plurality's subtle attempt to adopt the dissent in *Lucas* is not supported by our prior decisions. Plurality Op., 888 S.W.2d at 817. Indeed, were that the position of this Court, Lucas and Zimmerman would have been entitled to relief.

### III.

While one could argue that our treatment of these cases on remand has been a less than fair reading of *Penry,* it must be noted that the same complaint was leveled at and rejected by a majority of the Supreme Court in its subsequent interpretations of *Penry.* See, *Johnson,* —— U.S. at ——, 113 S.Ct. at 2678 (O'Connor, J., dissenting); *and, Gra-*

ity of this court has rejected this interpretation of *Johnson.*

4. Although there was no testimony at trial concerning appellant's age, dated fingerprint records within the North Carolina and Virginia pen packets, which were admitted at trial, placed appellant, age at the time of the offense, at 39 and 46 years of age respectively.

5. We have held most types of mitigating evidence can be considered and given effect within the scope of art. 37.071. *See e.g., Ex parte Goodman,* 816 S.W.2d 383 (Tex.Cr.App.1991) (possible brain damage, violent family background and growing up in poverty); *James v. State,* 805 S.W.2d 415 (Tex.Cr.App.1990) (voluntary intoxi-

*ham,* —— U.S. at ——, 113 S.Ct. at 920–921 (Souter, J., dissenting).

The aforementioned Supreme Court cases shed little light on the correct application of *Penry.* Although we have asked the Court for guidance, none has been forthcoming. *Staley v. State,* 887 S.W.2d 885, (Tex.Cr.App. 1994) (Baird, Overstreet and Maloney, JJ., concurring); *Richardson,* 879 S.W.2d at 885; *and, Earhart,* 877 S.W.2d at 764. The Supreme Court's holdings in *Penry, Graham* and *Johnson* do not provide an analytical framework to determine when our capital sentencing scheme fails to allow the jury to consider and give effect to mitigating evidence nor do they instruct us as to what vehicle is required when the mitigating evidence is not relevant to or falls beyond the scope of the statutory punishment issues.

Because the development of our *Penry* jurisprudence has been without the benefit of guidance from the Supreme Court, our efforts to apply *Penry* have not been easy and this issue has often divided the Court. *See e.g., Ex parte Goodman,* 816 S.W.2d 383, 386 (Tex.Cr.App.1991); *Ex parte Ellis,* 810 S.W.2d 208, 213 (Tex.Cr.App.1991); *Ex parte Baldree,* 810 S.W.2d 213, 217 (Tex.Cr.App. 1991); *Black v. State,* 816 S.W.2d 350, 367–379 (Tex.Cr.App.1991); *Lackey v. State,* 816 S.W.2d 392, 401–407 (Tex.Cr.App.1991); *Ex parte Herrera,* 819 S.W.2d 528, 528–533 (Tex. Cr.App.1991); *and, Mines v. State,* 852 S.W.2d 941, 952 (Tex.Cr.App.1992). Nevertheless, since *Penry,* we have reviewed many types of mitigating evidence and we have developed an analytical framework in which to apply that decision.[5]

cation); *Ex parte Ellis,* 810 S.W.2d 208 (Tex.Cr. App.1991) (drug abuse, suicide attempt, and lack of education); *Ex parte Baldree,* 810 S.W.2d 213 (Tex.Cr.App.1991) (being a good and loving child, critical illness as child, voluntary service, and good character evidence); *Lewis v. State,* 815 S.W.2d 560 (Tex.Cr.App.1991) (abusive childhood and remorse); *Black v. State,* 816 S.W.2d 350 (Tex.Cr.App.1991) (prior military service, being a boy scout, and general good character evidence); *and, Ex parte Herrera,* 819 S.W.2d 528 (Tex.Cr.App.1991) (mental instability, supportive family, police brutality after arrest and remorse).

However, we determined that an additional vehicle *may* be required when the defendant

On original submission of this case, *Mines v. State*, 852 S.W.2d at 951, we adopted a "nexus" requirement, requiring the defendant to establish a connection between his mitigating evidence and the capital offense which tends to excuse or explain his commission of the offense.[6] While I continue to believe that the requirement of a nexus is unsupported by *Penry* and runs afoul of capital punishment jurisprudence, *Mines*, 852 S.W.2d at 952–960 (Baird, J., dissenting, Clinton and Maloney, JJ., join), a majority of this Court has adopted the nexus requirement and so it has become settled law. *See e.g., Richardson*, 879 S.W.2d at 884; *Earhart*, 877 S.W.2d at 765–767; *Gunter v. State*, 858 S.W.2d 430, 447 (Tex.Cr.App.1993); *Satterwhite v. State*, 858 S.W.2d 412, 428 (Tex. Cr.App.1993); *Muniz v. State*, 851 S.W.2d 238, 256 (Tex.Cr.App.1993); *Nobles v. State*, 843 S.W.2d 503, 506 (Tex.Cr.App.1992); *Goss v. State*, 826 S.W.2d 162 (Tex.Cr.App.1992); *and, Lackey v. State*, 819 S.W.2d 111, 134 (Tex.Cr.App.1991). Accordingly, our requirement of a nexus in cases where the defendant asserts a *Penry* claim is supported by *stare decisis* and must be followed unless and until we are directed otherwise by the Supreme Court. *See*, Plurality Op., 888 S.W.2d at 818, n. 2.

**IV.**

The Supreme Court's order in the instant case and the explanation of such an order in *Henry* suggest that we erred in our application of *Penry*. Nevertheless, *stare decisis* compels me to conclude that appellant is not entitled to relief. A majority of this Court has concluded that *Johnson* is a decision with a limited holding that mitigating evidence of youth can be considered and given effect within our capital sentencing scheme. *Zim-*

*merman*, 881 S.W.2d at 362; *and, Lucas*, 877 S.W.2d at 317. Because we have no statement from the Supreme Court indicating otherwise, I am bound to follow the established precedent of this Court.

Today, Texas has almost four hundred inmates awaiting execution. If this Court has misconstrued the relevant authority addressing our capital sentencing scheme, it is incumbent upon the Supreme Court to clarify the error.

With these comments, I join the judgment of the Court.

OVERSTREET, J., joins this opinion.

MALONEY, Judge, dissenting.

Mental disease, although it may not be severe enough to render one incapable of knowing right from wrong and thus excuse criminal culpability, is nevertheless a fact that might be both aggravating and/or mitigating in nature in the eyes of the jurors, particularly when it is chronic. *See Diagnostic and Statistical Manual* 225–26 (American Psychiatric Association 3rd ed. 1987). Without a *Penry* instruction, in most situations it will be considered by the jury as evidence of dangerousness. *See Penry v. Lynaugh*, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989). I respectfully dissent.

---

presents evidence of: 1) mental retardation, *Ex parte Goodman, supra; Ramirez v. State*, 815 S.W.2d 636 (Tex.Cr.App.1991); *and, Richard v. State*, 842 S.W.2d 279 (Tex.Cr.App.1992); 2) mental illness, *Gribble v. State*, 808 S.W.2d 65, 76 (Tex.Cr.App.1990); and, 3) the jury's inability to consider and give effect to evidence of provocation by a second victim in a prosecution under Tex. Penal Code Ann. § 19.03(a)(6). *First v. State*, 846 S.W.2d 836, 842 (Tex.Cr.App.1992).

Further, we approved two vehicles to be used when *Penry* evidence is present. *See, Fuller v. State*, 829 S.W.2d 191 (Tex.Cr.App.1992) (the

"nullification instruction"); *and, State v. McPherson*, 851 S.W.2d 846 (Tex.Cr.App.1992) (an additional punishment issue).

6. However, we do not require proof of a nexus when the defendant presents evidence of mental retardation. *See, Richard v. State*, 842 S.W.2d 279, 283 (Tex.Cr.App.1992); *Ex parte Goodman*, 816 S.W.2d 383, 386 (Tex.Cr.App.1991); *and, Ramirez v. State*, 815 S.W.2d 636, 656 (Tex.Cr. App.1991).