NO. 07-03-0437-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



OCTOBER 7, 2005



______________________________




DAVID CAFFERY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 359TH DISTRICT COURT OF MONTGOMERY COUNTY;



NO. 98-05-00463-CR; HONORABLE KATHLEEN A. HAMILTON, JUDGE



_______________________________




Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.


ON MOTION TO SET BAIL



 Following remand from the Court of Criminal Appeals, by opinion dated August 29,
2005, we reversed appellant's conviction on two counts of aggravated sexual assault of a
child and remanded the cause to the trial court for new trial. Pending before this Court is
appellant's motion for bail filed pursuant to article 44.04(h) of the Texas Code of Criminal
Procedure Annotated (Vernon Pamph. Supp. 2005), by which appellant requests
reasonable bail be set. 

 The motion is in proper form and appellant has provided the information necessary
to set bail pursuant to article 17.15 of the Code. We conclude appellant is entitled to the
relief requested and the State having recommended that bond be set at $20,000 for each
count, the motion is granted and bail is set at $40,000, conditioned as the law requires, 
provided however, the sureties on bail shall be approved by the presiding judge of the
359th Judicial District Court of Montgomery County.

 It is so ordered.

 Per Curiam


 



m:intLim m:val="subSup"/>
 
 









NO. 07-08-00261-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
26, 2010

 



 

RUBEN ISREAL SANCHEZ, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 181ST DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 19,175-B; HONORABLE DAVID GLEASON, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant Ruben
Israel Sanchez appeals from his jury conviction of the offense of aggravated
assault with a deadly weapon and the resulting sentence of fifteen years= confinement in
the Institutional Division of the Texas Department of Criminal Justice and
imposition of a $10,000 fine.  Through
one issue, appellant contends the trial court abused its discretion by refusing
to admit evidence regarding appellant=s mental illness[1]
in mitigation of punishment.  We
affirm the trial court=s judgment.

Background

Appellant was
charged by indictment with aggravated assault with a deadly weapon.[2]  At his trial, the evidence showed appellant
and the victim fought in the parking lot and nearby street of a drive-in
restaurant.  Friends of the victim
surrounded the two men during the fight. 
Appellant stabbed the victim in the stomach with a knife.  When later arrested by Amarillo police,
appellant told officers he Ahad stabbed the
guy in self-defense as there was too many of them.@  The jury found appellant guilty as charged in
the indictment.

During the
punishment phase of trial, the State presented evidence of several other crimes
and wrongs committed by appellant.[3]
 Testimony showed incidents in which
appellant acted aggressively toward police and others, participated in fights,
and possessed various types of weapons. 
On appeal, appellant argues this evidence demonstrated his erratic and
violent behavior on numerous occasions and implies this behavior is indicative
of his mental illness.  Appellant=s sister was his
only punishment-phase witness and testified appellant had been diagnosed with
bipolar disorder.  The State generally
objected and the court sustained the objection. 

Analysis

Via his sole
issue, appellant contends the trial court fundamentally erred by excluding
testimony concerning his history of mental illness.  He asserts that by sustaining the State=s non-specific
objection to appellant=s sister=s testimony as to
his diagnosis, the court wholly foreclosed the presentation of relevant and
valuable testimony that explained appellant=s actions and
offered hope for rehabilitation with proper treatment.

Standard of Review

We review a trial
court=s admission or
exclusion of evidence for abuse of discretion. 
McDonald v. State, 179 S.W.3d 571, 576 (Tex.Crim.App. 2005); Montgomery v. State, 810 S.W.2d
372, 391 (Tex.Crim.App. 1990) (op. on reh=g).  A trial court abuses its discretion when its
decision is so clearly wrong as to lie outside that zone within which
reasonable persons might disagree.  McDonald, 179 S.W.3d at 576; Cantu v. State, 842
S.W.2d 667, 682 (Tex.Crim.App. 1992).  Texas Code of Criminal Procedure Article
37.07, ' 3(a) governs the admissibility of
evidence at a trial=s punishment phase and grants the
trial court broad discretion to admit evidence that it deems relevant to
sentencing.  Tex. Code
Crim. Proc. Ann. art. 37.07, ' 3(a) (Vernon Supp. 2008); McGee v. State, 233 S.W.3d
315, 318 (Tex.Crim.App. 2007), citing Erazo v. State, 144 S.W.3d 487, 491 (Tex.Crim.App. 2004). 
Article 37.07, ' 3(a)(1)
states in relevant part:

[E]vidence may be offered by the state and the
defendant as to any matter the court deems relevant to sentencing, including
but not limited to the prior criminal record of the defendant, his general
reputation, his character, an opinion regarding his character, . . . evidence
of an extraneous crime or bad act that is shown beyond a reasonable doubt by
evidence to have been committed by the defendant or for which he could be held
criminally responsible, regardless of whether he has previously been charged
with or finally convicted of the crime or act. 
Id.

 

Evidence is Arelevant to sentencing@ within the meaning of article 37.07,
' 3(a) Aif the evidence is >helpful to the jury in determining the appropriate sentence
for a particular defendant in a particular case.=@ McGee, 233 S.W.3d at 318.

Errors in the admission of evidence
generally are subject to the rules requiring a timely request to the trial
court, and a ruling on the request, as prerequisite to the presentation of the
complaint on appeal.  Tex.
R. App. P. 33.1(a).  Unless the substance of excluded evidence is
apparent from the context in which questions were asked, error predicated on
its exclusion is preserved by an offer of proof and a ruling. Tex. R. Evid. 103(a)(2); Reyna v. State, 168 S.W.3d 173, 177 (Tex.Crim.App. 2005); Warner v. State, 969 S.W.2d 1, 4 (Tex.Crim.App.
1998) (per curiam). 

During appellant=s sister=s punishment
testimony, the following exchange occurred:

Q: (by defense counsel)     Now, first, during [appellant=s] life, do you know him to haveBor not to have had health issues?

 

A:                                            Yes.  He has been diagnosed with bipolar disorder.

Prosecutor:                            Your
Honor, I=m going to object.

The Court:                             Sustained.[4]

Defense counsel:                Okay.

Appellants
counsel then moved on to another subject. 
Nowhere else in the record is further mention made of appellants
bipolar disorder or other mental condition.[5]
Appellant made no mention or argument to the jury of such a disorder, at any
point during the trial.  No further
attempt was made to introduce evidence appellant suffered from mental illness. 

This case provides
a good illustration why the law requires an offer of proof for preservation of
a claimed error excluding evidence, unless the substance of the excluded
evidence is apparent.  On the record
before us, it is impossible to know whether appellant elicited all the
information he hoped to elicit from his sister concerning his bipolar disorder
with his one question about health issues and her response, or whether, as he
asserts on appeal, she was possessed of much more information that would have
been helpful to the jury.[6]  And, assuming his sister could have told the
jury more about his diagnosed disorder, on the record before us, it is impossible
to know whether appellants counsel made the conscious decision not to pursue
the line of questioning with her or, as appellant asserts on appeal, desired to
put on more evidence but considered his doing so foreclosed by the sustaining
of the States objection.  

 Appellant contends the substance of the
excluded evidence was apparent from the context within which the health
issues question was asked and the response given.  Appellant cites Fairow
v. State, 943 S.W.2d 895, 897 n.2 (Tex.Crim.App.
1997) to support this contention, but we find Fairow so distinguishable as not
to be helpful to appellant.  To begin
with, in Fairow,
the record contained two questions asked by the defendant but not answered by
the witness because of sustained objections. 
Id. at 897.  We do not have the benefit of knowing even
what further questions, if any, appellant desired to ask his sister.  Second, the substance of the excluded
testimony in Fairow
was apparent from the context because the record demonstrated the defendants
ultimate aim during the prohibited questioning, which was to introduce into
evidence an exculpatory statement uttered by a co-conspirator.[7]
 

The distinctions
between the questioning in Fairow and that in the case at bar are apparent.  The prosecutors two objections came after
counsel in Fairow
asked questions but before they were answered. 
The record is thus clear that the defense was attempting to elicit from
the witness a statement that the shooting was accidental.  The same is not true here.  The record does not reveal what additional
evidence appellant would have elicited from his sister, if any.

            Appellant lastly asserts that an
offer of proof was not necessary here because the trial courts ruling amounted
to fundamental error.  He contends by
sustaining the States generic objection to testimony regarding appellants
bipolar disorder, the trial court eliminated his only defensive issue at the
punishment stage, resulting in a fundamentally unfair trial, in violation of
his due process rights.  He relies on Blue
v. State, 41 S.W.3d 129 (Tex.Crim.App. 2000) and Rule of Evidence 103(d).  Tex. R. Evid.
103(d).

            As we have noted, it is not at all
clear that appellant was prevented from introducing any evidence by the trial
courts sustaining of the States objection following his sisters response
that he had been diagnosed with bipolar disorder.  His argument assumes the courts ruling
indicated appellant was forbidden to inquire further into his sisters
knowledge of his medical condition.  The
record does not support such an assumption. 
In Blue, the Court of Criminal
Appeals found the trial courts improper comments in front of the jury panel
tainted the defendants presumption of innocence.  41 S.W.3d at 132.  Here, the trial courts sustaining of the
States objection was in the presence of the jury, but we do not agree it
carried the sort of taint that made the comments in Blue fundamental error requiring no objection. Id.  Further, appellants
claims of constitutional violations are not exempt from error preservation
rules. See Irvan v. State, No. AP-74853, 2006
WL 1545484 (Tex.Crim.App. June 7, 2006) (not
designated for publication), cert. denied, 549 U.S. 1079, 127 S. Ct.
726, 166 L. Ed. 2d 565 (2006) (finding similar contention
trial courts exclusion of evidence violated constitutional right to present
meaningful defense not preserved for appellate review when offer of proof not
made).

We overrule
appellant=s sole issue on appeal and affirm the
judgment of the trial court.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do not publish.











[1]
Mental illness is appellants phrase.

 





[2]  See Tex. Penal Code Ann. ' 22.02 (Vernon 2003).  This is a second degree felony punishable by
imprisonment for a term of not more than 20 years or less than 2 years and a
fine not to exceed $10,000.  Tex. Penal Code Ann. ' 12.33
(Vernon 2003).





[3] 
The
State also presented evidence to show appellant had been previously convicted
of several misdemeanor offenses including false identification, possession of
marijuana, discharging a firearm in a municipality and assault.





[4] Note that while the trial court
sustained the State=s objection, it was not asked to
instruct the jury to disregard the statement, nor did the court do so.  The jury was free to consider his sister=s statement that appellant had been
diagnosed with bipolar disorder.  See
Mines v. State, 888 S.W.2d 816, 817-18 (Tex.Crim.App.
1994) (evidence of bipolar disorder is relevant to punishment).





[5] Appellants
sister did mention family counseling. 
However, this reference is not directly related to her testimony
concerning appellants bipolar disorder and appellant does not attempt to
relate it to that testimony.  

 





[6] Appellant clearly understood how to make an offer of proof because he
did so during trial with respect to other evidence not at issue in this appeal.

 





[7]
The Court of Criminal Appeals opinion,
referring to a statement made shortly after a shooting, states that the witness
Middleton was going to testify that [the co-conspirator] said something like
I didnt try to kill him. 943 S.W.2d at 897.