NO. 07-08-00261-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 26, 2010

RUBEN ISREAL SANCHEZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 19,175-B; HONORABLE DAVID GLEASON, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Ruben Israel Sanchez appeals from his jury conviction of the offense of aggravated assault with a deadly weapon and the resulting sentence of fifteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice and imposition of a $10,000 fine. Through one issue, appellant contends the trial court abused its discretion by refusing to admit evidence regarding appellant's "mental illness"[1] in mitigation of punishment. We affirm the trial court's judgment.

---

[1] "Mental illness" is appellant's phrase.

## Background

Appellant was charged by indictment with aggravated assault with a deadly weapon.[2] At his trial, the evidence showed appellant and the victim fought in the parking lot and nearby street of a drive-in restaurant. Friends of the victim surrounded the two men during the fight. Appellant stabbed the victim in the stomach with a knife. When later arrested by Amarillo police, appellant told officers he "had stabbed the guy in self-defense as there was too many of them." The jury found appellant guilty as charged in the indictment.

During the punishment phase of trial, the State presented evidence of several other crimes and wrongs committed by appellant.[3] Testimony showed incidents in which appellant acted aggressively toward police and others, participated in fights, and possessed various types of weapons. On appeal, appellant argues this evidence demonstrated his erratic and violent behavior on numerous occasions and implies this behavior is indicative of his mental illness. Appellant's sister was his only punishment-phase witness and testified appellant had been diagnosed with bipolar disorder. The State generally objected and the court sustained the objection.

---

[2] *See* Tex. Penal Code Ann. § 22.02 (Vernon 2003). This is a second degree felony punishable by imprisonment for a term of not more than 20 years or less than 2 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.33 (Vernon 2003).

[3] The State also presented evidence to show appellant had been previously convicted of several misdemeanor offenses including false identification, possession of marijuana, discharging a firearm in a municipality and assault.

Analysis

Via his sole issue, appellant contends the trial court fundamentally erred by excluding testimony concerning his history of mental illness. He asserts that by sustaining the State's non-specific objection to appellant's sister's testimony as to his diagnosis, the court wholly foreclosed the presentation of relevant and valuable testimony that explained appellant's actions and offered hope for rehabilitation with proper treatment.

Standard of Review

We review a trial court's admission or exclusion of evidence for abuse of discretion. *McDonald v. State,* 179 S.W.3d 571, 576 (Tex.Crim.App. 2005); *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App. 1990) (op. on reh'g). A trial court abuses its discretion when its decision is so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *McDonald,* 179 S.W.3d at 576; *Cantu v. State,* 842 S.W.2d 667, 682 (Tex.Crim.App. 1992). Texas Code of Criminal Procedure Article 37.07, § 3(a) governs the admissibility of evidence at a trial's punishment phase and grants the trial court broad discretion to admit evidence that it deems relevant to sentencing. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (Vernon Supp. 2008); *McGee v. State,* 233 S.W.3d 315, 318 (Tex.Crim.App. 2007), *citing Erazo v. State,* 144 S.W.3d 487, 491 (Tex.Crim.App. 2004). Article 37.07, § 3(a)(1) states in relevant part:

3

[E]vidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, . . . evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act. *Id.*

Evidence is "relevant to sentencing" within the meaning of article 37.07, § 3(a) "if the evidence is 'helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case.'" *McGee,* 233 S.W.3d at 318.

Errors in the admission of evidence generally are subject to the rules requiring a timely request to the trial court, and a ruling on the request, as prerequisite to the presentation of the complaint on appeal. Tex. R. App. P. 33.1(a). Unless the substance of excluded evidence is apparent from the context in which questions were asked, error predicated on its exclusion is preserved by an offer of proof and a ruling. Tex. R. Evid. 103(a)(2); *Reyna v. State,* 168 S.W.3d 173, 177 (Tex.Crim.App. 2005); *Warner v. State,* 969 S.W.2d 1, 4 (Tex.Crim.App. 1998) (per curiam).

During appellant's sister's punishment testimony, the following exchange occurred:

Q: (by defense counsel)   Now, first, during [appellant's] life, do you know him to have–or not to have had health issues?

A:   Yes. He has been diagnosed with bipolar disorder.

Prosecutor: Your Honor, I'm going to object.

The Court: Sustained.[4]

Defense counsel: Okay.

Appellant's counsel then moved on to another subject. Nowhere else in the record is further mention made of appellant's bipolar disorder or other mental condition.[5] Appellant made no mention or argument to the jury of such a disorder, at any point during the trial. No further attempt was made to introduce evidence appellant suffered from mental illness.

This case provides a good illustration why the law requires an offer of proof for preservation of a claimed error excluding evidence, unless the substance of the excluded evidence is apparent. On the record before us, it is impossible to know whether appellant elicited all the information he hoped to elicit from his sister concerning his bipolar disorder with his one question about "health issues" and her response, or whether, as he asserts on appeal, she was possessed of much more information that

---

[4] Note that while the trial court sustained the State's objection, it was not asked to instruct the jury to disregard the statement, nor did the court do so. The jury was free to consider his sister's statement that appellant had been diagnosed with bipolar disorder. *See Mines v. State,* 888 S.W.2d 816, 817-18 (Tex.Crim.App. 1994) (evidence of bipolar disorder is relevant to punishment).

[5] Appellant's sister did mention family counseling. However, this reference is not directly related to her testimony concerning appellant's bipolar disorder and appellant does not attempt to relate it to that testimony.

would have been helpful to the jury.[6]  And, assuming his sister could have told the jury more about his diagnosed disorder, on the record before us, it is impossible to know whether appellant's counsel made the conscious decision not to pursue the line of questioning with her or, as appellant asserts on appeal, desired to put on more evidence but considered his doing so "foreclosed" by the sustaining of the State's objection.

Appellant contends the substance of the excluded evidence was apparent from the context within which the "health issues" question was asked and the response given.  Appellant cites *Fairow v. State,* 943 S.W.2d 895, 897 n.2 (Tex.Crim.App. 1997) to support this contention, but we find *Fairow* so distinguishable as not to be helpful to appellant.  To begin with, in *Fairow*, the record contained two questions asked by the defendant but not answered by the witness because of sustained objections.  *Id.* at 897. We do not have the benefit of knowing even what further questions, if any, appellant desired to ask his sister.  Second, the substance of the excluded testimony in *Fairow* was apparent from the context because the record demonstrated the defendant's ultimate aim during the prohibited questioning, which was to introduce into evidence an exculpatory statement uttered by a co-conspirator.[7]

---

[6] Appellant clearly understood how to make an offer of proof because he did so during trial with respect to other evidence not at issue in this appeal.

[7] The Court of Criminal Appeals' opinion, referring to a statement made shortly after a shooting, states that the witness "Middleton was going to testify that [the co-conspirator] said 'something' like 'I didn't try to kill him.'" 943 S.W.2d at 897.

The distinctions between the questioning in *Fairow* and that in the case at bar are apparent. The prosecutor's two objections came after counsel in *Fairow* asked questions but before they were answered. The record is thus clear that the defense was attempting to elicit from the witness a statement that the shooting was accidental. The same is not true here. The record does not reveal what additional evidence appellant would have elicited from his sister, if any.

Appellant lastly asserts that an offer of proof was not necessary here because the trial court's ruling amounted to fundamental error. He contends by sustaining the State's "generic" objection to testimony regarding appellant's bipolar disorder, the trial court eliminated his only defensive issue at the punishment stage, resulting in a fundamentally unfair trial, in violation of his due process rights. He relies on *Blue v. State*, 41 S.W.3d 129 (Tex.Crim.App. 2000) and Rule of Evidence 103(d). Tex. R. Evid. 103(d).

As we have noted, it is not at all clear that appellant was prevented from introducing any evidence by the trial court's sustaining of the State's objection following his sister's response that he had been diagnosed with bipolar disorder. His argument assumes the court's ruling indicated appellant was forbidden to inquire further into his sister's knowledge of his medical condition. The record does not support such an assumption. In *Blue*, the Court of Criminal Appeals found the trial court's improper comments in front of the jury panel tainted the defendant's presumption of innocence. 41 S.W.3d at 132. Here, the trial court's sustaining of the State's objection was in the

presence of the jury, but we do not agree it carried the sort of taint that made the comments in *Blue* fundamental error requiring no objection. *Id.* Further, appellant's claims of constitutional violations are not exempt from error preservation rules. *See Irvan v. State*, No. AP-74853, 2006 WL 1545484 (Tex.Crim.App. June 7, 2006) (not designated for publication), *cert. denied*, 549 U.S. 1079, 127 S. Ct. 726, 166 L. Ed. 2d 565 (2006) (finding similar contention trial court's exclusion of evidence violated constitutional right to present meaningful defense not preserved for appellate review when offer of proof not made).

We overrule appellant's sole issue on appeal and affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.

8